## CROSS v. WORRALL.

1. In an appeal cause, the judgment of a justice will not be reversed because the cause of action is not properly *indebitatus assumpsit*, when the action is for the violation of a contract, and the damages not excessive.

Writ of Error to the Circuit Court of Perry.

Cross was sued by Worrall before a justice of the peace, and being cast, appealed to the circuit court, where the cause was tried *de novo*, but with a similar result.

At the trial, it appeared that Cross, about December, 1845,

Cross v. Worrall.

let Worrall have a mule to keep for its feed, until the fall of the next year. The mule was an estray, taken up by one Whitman, for whom Cross was attending a mill. Cross demanded the mule from Worrall about the middle of April, '46, and it was delivered. Worrall, when the contract was made, asked Cross what he should do in case the owner of the mule came for him, and Cross replied he had no idea the owner would ever come, as the twelve months had then nearly expired.

It was also in proof, that Cross admitted he had demanded the mule from Worrall contrary to the agreement, and in lieu of its fulfilment offered Worrall a bag of corn as compensation. This Worrall refused, saying he had fed the mule during the winter, when corn was scarce and high, and had received no benefit from its labor in his crop, and he must be paid for its feed. Cross, the defendant, was sworn as a witness, and stated that Whitman had directed him to let out the mule for its feed, and that the reason of his demanding it from Worrall was, that Whitman had demanded it from him. Worrall was also sworn, and stated that although he knew Cross was in the employ of Whitman, the latter was not known in the transaction, nor did Cross represent himself as acting as an agent for Whitman, and that he looked to him alone for the fulfillment of the contract. He kept the mule 103 days, but charged feed for only 72 days, at 25 cents per day. He also proved that Cross admitted the mule had never been called for by the owner.

On this state of proof, the court gave judgment for Worrall.

The defendant sues out this writ of error, and here assigns that the court erred in giving judgment for the plaintiff.

GARROTT and A. B. MOORE, for the plaintiff in error.
ALEX. GRAHAM, of Perry, contra.

PER CURIAM.—There is no room here to doubt the right of the plaintiff to a recovery. The contract was complete, that he should be allowed to keep the mule until the ensuing fall, subject to the contingency that the true owner

should call for it.    In violation of this contract, it was taken
from him.    It is not material to inquire whether the defend-
ant is liable for the feed of the mule, or for the breach of the
specific contract, as a suit for damages in the one or compen-
sation for the other, might alike be in assumpsit.

In cases of this nature, we shall never feel disposed to re-
verse a judgment merely on account of the different estimate
which might be made of the damage.    Judgment affirmed.